**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID RONUALDO ALVAREZ-
MORALES; A. J. E. A.-S.,

         Petitioners,

  v.

PAMELA BONDI, Attorney General,

         Respondent.

No. 25-1553

Agency Nos.
A249-028-470
A249-028-471

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026**
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District
Judge.***

    Petitioners David Ronualdo Alvarez-Morales and his minor daughter A. J. E.

A.-S., citizens of Guatemala, seek review of a Board of Immigration Appeals'

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***    The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

("BIA") decision dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions to the extent the BIA, in reaching its decision, relied on the grounds considered by the IJ. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the BIA's factual findings under the substantial evidence standard and review de novo both legal questions and mixed questions of law and fact. *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012).

1.      Petitioners' arguments in support of their asylum and withholding of removal claims are solely premised on their membership in a particular social group ("PSG")—"family members who have been persecuted for refusing to pay extortion money to gang members"—that they did not raise before the IJ and that the BIA declined to consider. As such, this PSG is unexhausted, and we are precluded from reviewing it. 8 U.S.C. § 1252(d)(1); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the

administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged.") (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)). Moreover, in their opening brief, Petitioners do not challenge the BIA's determination that the PSG presented to the IJ was not cognizable and, therefore, have forfeited this claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (noncitizen's failure to raise an issue in arguments section of opening brief deemed a waiver of issue).

2.      Based on the record here, "a reasonable factfinder would not be compelled to find [Petitioners] eligible for CAT protection." *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). First, the IJ and the BIA properly concluded that "there is no indication in the record that the gang members who harmed [Alvarez-Morales] did so with the consent, acquiescence, or willful blindness of a public official or other person acting in an official capacity." Second, even though the country condition evidence demonstrates that crime and violence are pervasive in Guatemala, that evidence is not particular to Petitioners and therefore is insufficient to establish CAT eligibility. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."). Third, Petitioners are not eligible for CAT protection simply because the reporting of Alvarez-Morales'

father's murder to Guatemalan authorities did not lead to an arrest. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.") (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014)).

**PETITION DENIED.**[1]

---

[1]    Petitioners' Motion to Stay Removal, Dkt. No. 8, is DENIED effective upon the issuance of the mandate.